(95 South. 357)

## GRAHAM v. STATE.   (7 Div. 349.)

Supreme Court of Alabama.   Feb. 8, 1923.)

1. **Criminal law** ⊆⇒448(4) — **Question objectionable, as seeking conclusion of witness.**

Question whether one standing in a certain position could shoot through a certain door and hit an object in a certain place is objectionable, as seeking the conclusion of witness; he not having been shown to have personal knowledge of the elements of fact necessary to formation by him of a judgment in the premises.

2. **Criminal law** ⊆⇒830—**Requested unintelligible instruction properly refused.**

A request for instruction, unintelligible as phrased, is properly refused.

3. **Homicide** ⊆⇒293 — **Requested instruction bad, as requiring acquittal, if facts be reconcilable with unsupported theory that another may have killed deceased.**

Requested instruction that, no matter how strong the facts may be, in the absence of evidence of conspiracy, if they can be reconciled with the theory that another may have killed deceased, the jury must acquit, is bad, as admitting of avoidance of conclusion of guilt from facts, however strongly supported or veritable, by recourse to mere unsupported theory that another "may" have killed deceased.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Frank Graham was convicted of murder in the first degree, and he appeals. Affirmed.

Graves Embry, of Talladega, for appellant.

The witness Moore should have been allowed to answer the question whether one could shoot through the opening in the partition wall and hit the bedstead. Charges 1 and 2 were correct statements of the law. 154 Ala. 65, 45 South. 680.

Harwell G. Davis, Atty. Gen., for the State.

No briefs reached the Reporter.

McCLELLAN, J.   The defendant, appellant, has been convicted of the murder of Deputy Sheriff Burk, and the death sentence was imposed.   The officer was killed in a negro cabin, while therein, with other officers, for the purpose of executing or assisting in executing process.   The evidence for the prosecution was directed to showing that defendant shot Burk with a pistol; the defendant being at the time in the doorway,

between two rooms of the house, and delivering the immediately fatal shot by putting his hand, arm, and head through the space made by the but partially open door.   The defendant denied having a pistol on this occasion, and testified he did not shoot the officer.   Ellis Graham was jointly indicted with defendant, and there was testimony tending to show that Ellis had a pistol on this occasion.   Severance was granted, and this defendant was separately tried.

[1] Only three matters are urged by able counsel as affecting the judgment with prejudicial error.   On the examination in chief of defendant's witness Moore, this question was propounded:

"State whether or not a man standing in the west door of the south room could shoot through the opening or door in the partition wall and hit the bedstead in the corner."

The objection, sustained by the court, was that the question sought the conclusion of the witness.   The ruling was correct; the witness not having been shown to have had personal knowledge of the elements of fact necessary to the formation by him of a judgment in the premises.   Republic Iron Co. v. Passafume, 181 Ala. 463, 465, 61 South. 327. Authorities illustrating the principle are noted in the dissenting opinion in that case.

[2] As phrased, defendant's first request for instruction was unintelligible.   It was refused without error.

[3] Defendant's request numbered 2 reads:

"No. 2. I charge you that no matter how strong the facts may be, in the absence of evidence of a conspiracy with another to take the life of deceased, if they can be reconciled with the theory that an other [another] may have killed deceased whether entential [intentional] or not, the [then] you should acquit the defendant."

This request for instruction was intended, it seems, to express the idea expressed in a special request refused to appellant in Lacey v. State, 154 Ala. 65, 45 South. 680, and avoid a fault therein noted, with respect to request numbered 6, by including the qualification that there was no evidence of "conspiracy."   That request (6) was not otherwise approved in Lacey's Case.   The request numbered 2, reproduced ante, was refused without error.   It would admit of the avoidance of a conclusion of guilt of homicide from facts, however strongly supported or veritable, by recourse to theory, unreferred to evidence or to facts, upon the simple expedient that another *may* have killed the deceased.   Established facts cannot be soundly denied their rational effect to invite conclusion by recourse to mere theory that itself is not proposed or supported by evidence.

The judgment is affirmed.

Affirmed.

All the Justices concur.

_____

⊆⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes