(130 So. 807)

**MORGAN HILL PAVING CO. v. FONVILLE.**

6 Div. 439.

Supreme Court of Alabama.
Oct. 16, 1930.

Rehearing Denied Nov. 28, 1930.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

124

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

BROWN, J. (after stating the facts as above).

Appellant's major contention is that it was entitled to the affirmative charge, requested by it in writing. This contention is predicated in part on the evidence, assuming that plaintiff's theory of the case be true, showing that the automobile was driven by Dye at such high rate of speed that it could not be stopped within the range of the headlights —to be more accurate, within the distance the barricade and detour sign could be discovered and its character appreciated by the driver of the automobile.

The case of St. Louis-San Francisco Ry. Co. v. Guthrie, 216 Ala. 613, 114 So. 215, 217, 56 A. L. R. 1110, is cited as supporting this contention. In that case the "plaintiff was traveling along the Bankhead highway from Jasper to Carbon Hill about 10 o'clock at night. The night was dark and it had been raining—maybe was raining at the time. At and near the place of the accident the highway is parallel with the railroad for some distance. A spur track, leading off to a mine, crosses the highway at grade. Cars were standing on the spur track beyond the highway, waiting to be picked up by a train. Defendant's train backed into the spur to make connection with the cars there and came to a standstill across the highway. As soon as connection with the cars on the spur was established and the conductor had 'checked' the cars, the train moved out to the main line. The undisputed evidence was that the automobile ran into the train within a minute and a half or two minutes from the time it stopped across the highway." The obstruction of the highway in that case was not intended as a barricade, and was only momentary such as was essential in the conduct of the business of the railroad, and the law required the traveler on the highway to stop, look, and listen before attempting to cross. Atlantic Coast Line R. Co. v. Jones, 202 Ala. 222, 80 So. 44. The holding was: "Whether the situation was such that the trainmen ought, in the exercise of due care, to have been aware that a reasonably careful driver on the highway would likely not see the train, *is by the evidence left to mere conjecture*. The burden was on plaintiff to prove negligence on the part of the trainmen in the respect we have undertaken to state. In this the plaintiff wholly failed and defendant was entitled to the general charge." (Italics supplied.) 216 Ala. 615, 114 So. 215, 218, 56 A. L. R. 1110.

In the case at bar, the undisputed evidence shows the barricade was placed on the highway to obstruct the travel and to warn travelers to follow the detour. It was maintained day and night on a highway that was traveled with great frequency day and night, and, according to one phase of the evidence, the barricade covered almost entirely the paved part of the highway, requiring those who might desire to go beyond the barricade to points on the highway south to drive upon and over the unfinished shoulder of the highway of soft sandy soil, and immediately adjacent to a ditch. According to one phase of the evidence and its legitimate tendencies, neither lights nor reflectors were maintained on the barricade. Another tendency of the evidence was that, on the night of plaintiff's injury, two lighted lanterns with red globes were hung on the barricade, both on nails driven into the barricade; that marauders had in the past been removing the lanterns,

and no precautions were taken to fasten them so they could not be easily removed.

Whether or not in these circumstances, regardless of the provisions of the contract between the defendant and the state, assuming that defendant placed the barricade on the highway and maintained it, the defendant was guilty of negligence, to be judged by what would be the conduct of a reasonably prudent man so circumstanced and with like responsibility, was a question for jury decision. Central of Georgia Railway Co. v. Foshee, 125 Ala. 199, 27 So. 1006; Welch v. Evans Brothers Construction Co., 189 Ala. 548, 66 So. 517.

In Ruth v. Vroom et al., 245 Mich. 88, 222 N. W. 155, 62 A. L. R. 1528, liability was denied solely on the ground that the driver of the automobile, not the plaintiff, was guilty of contributory negligence. It does not appear that the driver was the agent or servant of the plaintiff, nor that plaintiff had any control over him or the movement of the automobile, yet the decision imputes the contributory negligence of the driver to the plaintiff. This holding is contrary to our decisions. Birmingham Southern Ry. Co. v. Harrison, 203 Ala. 284, 82 So. 534; Whiddon v. Malone, 220 Ala. 220, 124 So. 516.

Section 34 of the General Acts of 1911, p. 649, as pointed out by appellant, was declared unconstitutional in Birmingham-Tuscaloosa R. & Utilities Co. v. Carpenter, 194 Ala. 141, 69 So. 626. It was also omitted from the Code of 1923, and regardless of whether or not the decision in Carpenter's Case is unsound, as appellant contends, that section was abrogated by its omission from the Code.

Another contention is that there was a total failure of proof of the averment in the fourth count of the complaint, that "defendant erected and maintained a barricade, plank or other obstruction across or partly across said highway at said point."

On this point the evidence was in dispute, the testimony of Edge, defendant's superintendent, being to the effect that he did not cause the barricade to be placed on the highway, and was in no way responsible for it being there; that it was put there by one Leery, one of the engineers.

Villadsen, the resident engineer of the highway department, testified that the detour was laid out by him, and that the detour sign was placed on the road under his direction, and Edge testified that he loaned one of his men to the resident engineer to construct the barricade.

To the contrary, however, the defendant, in answer to the fourth interrogatory, propounded to it under the statute, stated: "The defendant, Morgan Hill Paving Company

\* \* \* acting in accordance with the requirements and instructions of the State Highway Commission of Alabama, did place a wooden detour sign upon a part of the right half of the Montgomery Highway going south, at a point between three and five miles south of Clanton, Alabama."

These answers were verified by the affidavit of defendant's superintendent Edge.

In addition to the answer above, the answer to the eighth interrogatory disclosed the fact that the defendant, in the contract which it entered into with the state for the paving of this highway, engaged and undertook "to erect and maintain all necessary barricades for the protection of the work and safety of the public."

Though the contract between the defendant and the state was not pleaded as inducement, as imposing a duty on the defendant, and was not admissible for this purpose, it was material as tending to support the contention of the plaintiff that the barricade was erected and maintained on the highway by the defendant.

The evidence was in dispute as to whether or not Dye, the driver of the automobile, was intoxicated. The evidence also tended to show, in fact was without dispute, that Dye, though maimed, was a skillful driver, and had been accustomed to driving over all sorts of roads in all sorts of traffic. The issues presented by defendant's special plea of contributory negligence were, therefore, for the jury. Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610.

The negligence charged in the fourth count of the complaint is that the defendant "negligently failed to have and maintain proper lights, signals, or other warning of the presence of said barricade, plank or other obstruction across said highway at said point."

And as the statement of the case will show, the evidence and its legitimate tendencies made it a question for the jury as to whether or not lights were placed on the barricade at all, and, if so, whether reasonable precautions were taken to prevent their removal therefrom by intermeddlers.

Charge 38 pretermits the question as to whether or not, under the circumstances, defendant was negligent in failing to maintain lights on the barricade, and was well refused.

The principles stated in charge 36 are substantially, if not literally, stated in charge 37, given at defendant's request, and said charge 36 was refused without error.

The principles stated in refused charges J and Y are substantially covered by given charges 50 and 51.

While charge E might have been given without error, yet, in the absence of showing that some one or more of the jurors had personal knowledge respecting some fact material to the controversy, it was not reversible error to refuse it. Code, § 5634.

Appellant's contention that charges 34 and 35, which would deny the plaintiff's right to recover because of the negligence of Dye, the driver of the car, relate to the defense asserted in defendant's special plea 4, and, therefore, were erroneously refused, is clearly without merit.

The plea is not predicated on the negligence of Dye, but on the negligence of plaintiff, the pertinent averments of the plea being "that the plaintiff, with knowledge that said car was being driven at such dangerous and reckless rate of speed, and with knowledge that to so drive the same on such thoroughfare was attended with great danger, *negligently failed to do anything to prevent the car from being so driven, and negligently failed to protest and object to the said Dye so driving said car.* And the defendant alleges that as a proximate result of the *negligence of plaintiff* in riding in said car and failing to control or trying to control the speed of said car or to prevent its being driven at such dangerous and reckless rate of speed," etc. (Italics supplied.)

These charges were well refused for other reasons. They each pretermit one of the essential elements of a joint adventure as applied to the facts of this case, the right to jointly control the movement of the car. Crescent Motor Co. v. Stone, 211 Ala. 516, 101 So. 49; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610; 2 Blashfield on Automobiles, p. 1147.

And they would have submitted to the jury the question, What constituted a joint enterprise or joint adventure? a question of law.

Charge C, refused to the defendant, is not clear of meaning. It assumes that the failure of the defendant to have lights or a reflector on the barricade was negligence, and then asserts that this negligence could not be the proximate cause of plaintiff's injury unless a reasonably prudent person operating the automobile at a lawful rate of speed and in a proper manner would not have been able to discover the unlighted barricade in time to avoid the injury. This confuses the doctrine of proximate cause with that of contributory negligence.

To state the criticism in a different way: The proposition of the charge is that, though the defendant was guilty of negligence in failing to maintain lights or a reflector on the barricade, yet plaintiff's injury cannot be proximately attributed to such negligence, if the driver of the car was guilty of negligence in failing to discover the unlighted barricade.

The test as to whether the negligence of the defendant, assumed by the charge, was

the proximate cause of the injury, is: Could a reasonably prudent person exercising due care while driving an automobile on the highway at night have avoided the accident if the barricade had been properly lighted or equipped with a reflector? Morgan Hill Paving Co. v. Fonville, supra; Alabama Power Co. v. Bass, 218 Ala. 586, 119 So. 625, 63 A. L. R. 1.

■ Defendant's special pleas D, E. and F, imputing to the plaintiff negligence which proximately contributed to his injury, are of the class which state facts, not sufficient in themselves to show plaintiff's negligence as a conclusion of law, but which reasonably suggest it as an inference of fact, the rules of good pleading necessitating that "the plea should color the equivocal facts by supplying the conclusion that plaintiff's conduct was negligent," and, if the averment of fact is sustained by the evidence, "negligence vel non is a question of inferential fact for the jury." Birmingham Ry., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, 82, Ann. Cas. 1916A, 543; Pace v. L. & N. R. R. Co., 166 Ala. 519, 52 So. 52.

Charges 2, 7, and 11, relating to these pleas, assume that the facts hypothesized constituted negligence, and were, on the authorities cited above, well refused as invasive of the province of the jury.

Defendant's refused charges 1, 3, 4, 5, and 6 are subject to the same vice as 2, 7, and 11. Morgan Hill Paving Co. v. Fonville, supra.

■ The proposition of charge 42 is if the defendant, in the early evening of December 17, 1925, placed proper lights and danger signals on the detour sign, and thereafter and before the injury these were removed by an intermeddler, without defendant's knowledge, and such removal proximately caused the injury, the plaintiff cannot recover.

As before stated, the evidence goes to show that lights placed by the defendant on the barricade on the highway to warn the traveling public had before been removed by such intermeddlers, that defendant had had considerable trouble in keeping lights on the barricade for this reason; and yet the undisputed evidence is that, if lights were put on the barricade on the night of the injury, they were lanterns hung upon nails, and could be removed by the mere effort of lifting them off. There is nothing in the evidence to show that any sort of precaution was taken to fasten or secure the lights so that they could not be easily removed. Such intermeddling under these circumstances cannot as a matter of law stand as the sole proximate cause of plaintiff's injury. The jury had the right to find that it was defendant's duty to anticipate such intermeddling as to take proper and reasonable precaution to protect the public traveling the highway. Williams, Adm'r, v. Woodward Iron Company, 106 Ala. 254, 17 So. 517.

■ In the absence of statute or contract requiring that lights or reflectors be maintained on the barricades placed on highways while under construction, the question of whether or not the failure to maintain such lights or reflectors is negligence is dependent upon the attendant facts and circumstances. And the distance the barricade without lights or reflectors could be discovered by a traveler on the highway in a lighted automobile would be material and relevant to the question of negligence vel non on the part of the defendant in failing to maintain such lights or reflectors, and the inquiry on this issue could not be limited to any particular automobile. Republic Iron & Steel Co. v. Passafume, 181 Ala. 463, 61 So. 327; Alabama Great Southern R. Co. v. Linn, 103 Ala. 134, 15 So. 508.

The witness Audie Blalock, who had approached and passed the sign on the very night of the occurrence under investigation, and testified that it was not lighted and had no reflector on it, was shown to possess the requisite knowledge to give a shorthand rendition of the facts, within his knowledge, as to the distance this sign could have been discovered. While the question, made the basis of assignment of error 57, put to the plaintiff's witness Blalock on cross-examination was answered, in a way it was not the answer the defendant was entitled to. The question was: "As you come out of that curve going on down the hill, down that decline, how far could you see that detour sign?" The answer was: "Not very far." The question made the basis of assignment 58 called for material and relevant testimony which the witness, prima facie, was competent to give. The circuit court erred in sustaining the objection to this question.

The questions to the witness Hamlin, made the basis of assignments of error 108 and 109, were related only to the question of negligence of Dye in driving the car, and under the facts of this case this negligence was not imputable to the plaintiff.

■ The evidence was in conflict as to whether or not the barricade was equipped with lights on the night of the wreck and one phase of the evidence tended to show that the defendant had a man in its employ whose duty it was to look after the barricade and maintain lights thereon, and that it was defendant's custom and habit to place lights on barricades at night. This evidence rendered admissible the evidence offered in rebuttal showing that, on certain nights previous to the wreck of the Dye automobile, there were no lights on the barricade. L. & N. R. R. Co. v. Malone, 109 Ala. 509, 20 So. 33; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610. It may be conceded that, if the defendant had not offered evidence of its habit or custom to light barricades, this rebuttal evidence would not have been admissible.

The evidence of witnesses going to show their opportunity to observe the skill of Dye as a driver of an automobile was preliminary to the qualification of the witnesses to express opinions as to whether or not Dye was a competent and skillful driver.

██ The court, over a timely and appropriate objection, allowed plaintiff's counsel, on his cross-examination of the witness Wilburn Hill, to ask, "You are familiar with the provision in the contract here 'that all barricades and obstructions shall carry red lights at night and such lights shall be kept burning from sunset until sunrise?'" And to this question the witness gave an affirmative answer.

In this ruling the court committed error. The complaint charged the defendant with simple negligence only, and the knowledge and familiarity of the witness Hill, the alter ego of the defendant, with the provisions of the contract on the state of the pleadings was wholly immaterial to the issue.

The contract and the stipulation imposing a duty on the defendant to maintain barricades was, as we have held, relevant only to the question of whether the barricade was placed and maintained by the state highway department or the defendant. The effect of the question and answer was to inject into the case immaterial testimony that was highly prejudicial.

██ We do not wish to be understood as holding that the contract between the state and the defendant could not, if properly pleaded, be made a predicate for showing a duty to the plaintiff. It was the duty of the highway department to take precautions to protect the traveling public against dangers arising from barricades on a long-established highway when it authorized such highway to be obstructed by barricades, and this duty was sufficient to sustain the right of a citizen injured in the use of the highway to rely on a contract made for his protection. Shine v. Nash Abstract Co., 217 Ala. 498, 117 So. 47; Jefferson County Board of Education v. Union Indemnity Co., 218 Ala. 632, 119 So. 837.

The other questions argued have been examined, and we find nothing that warrants a a further discussion.

For errors pointed out, the judgment will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

On Rehearing.
BROWN, J.

On the first appeal the case was treated as though the complaint declared as for breach of duty growing out of the contract between the state and the defendant, which imposed on the defendant the duty to maintain lights on the barricade.

So treated, the question as to how far the barricade could be seen by a person in an automobile, other than the parties in the Dye car, was held immaterial, for the reason that the contract fixed and imposed the duty to maintain lights on the barricade and the failure to do so was negligence.

But on the second trial the case was tried on a different theory, and correctly so, because the complaint does not declare as for breach of duty growing out of the contract. On that trial the court charged the jury: "There is evidence here of a contract between the defendant and the State Highway Department, and you can look to that contract in determining as to the right of the defendant on the road at that point in regard to the erection of the barricade. But I will say to you, gentlemen, that the breach of duty charged in the complaint against this defendant is limited to the breach of duty charged in the complaint, and you cannot look to this contract, gentlemen, to increase or enlarge the duty which the defendant owed to the public using that public road. In other words, the breach of duty charged in this complaint is negligence, the negligent failure to put lights on this barricade, and that is the question here for you to decide, and not any other duty that may be set out in any contract between the State and the defendant. Now, gentlemen, the plaintiff charges the defendant here with negligence. A simple definition of negligence is this: The doing of that which a reasonably prudent person would not do under the same circumstances and conditions as shown by the evidence in the case, or the failure to do that which a reasonably prudent person would do under the same circumstances and conditions as shown by the evidence in the case. So the duty, so far as this case is concerned, that this defendant owed to the plaintiff riding on that highway was the duty to use the care which a reasonably prudent person would have used in regard to placing lights or warning signals on this barricade," etc.

██ This broadened the scope of the issue, making material the inquiry as to the distance the barricade could be discovered by one using the highway at or about the time of the alleged injury. This, to aid the jury in determining whether the failure to maintain lights on the barricade was or was not negligence.

The witness Blalock testified for the plaintiff that he passed the barricade on the night of plaintiff's injury; that there were no lights on the barricade; that he was driving a Ford car, and that it was night. On cross-examina-

tion he testified that the road was straight' for several hundred feet before reaching the barricade; that as he approached he could see it, but "not very far." The defendant, on cross-examination of this witness, in view of the issues and the circumstances developed, had the right to show, if it could, how far the barricade could be seen, not to show a duty owing to the witness, but to aid the jury in determining whether or not the failure to maintain lights was or was not negligence.

· We are of opinion that the other point upon which the case was reversed needs no further statement.

Application overruled.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.