140 So. 575

**MORGAN–HILL PAVING CO. v. FONVILLE.**

**6 Div. 936.**

Supreme Court of Alabama.

March 24, 1932.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

### BROWN, J.

This is the third appeal in this case. On the first two trials the case was submitted to the jury on the fourth count of the complaint and the defendant's pleas of contributory negligence, each resulting in a verdict and judgment for the plaintiff, and on the two former appeals the substantive law of the case, as related to the issues framed by the pleadings as they then stood, was declared. Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610; Id. (second appeal) 222 Ala. 120, 130 So. 807.

On the last trial the plaintiff amended his complaint by adding count A, declaring as for a breach of duty growing out of the contract entered into by the state highway department and the defendant in respect to paving the highway, and the case proceeded to trial on original count 4 and count A, and defendant's plea of the general issue and several pleas of contributory negligence, some of which were interposed for the first time on the last trial, after plaintiff had so amended his complaint.

The facts as developed on the trial were substantially the same as on the former trials. At the conclusion of the evidence, the plaintiff amended his complaint by withdrawing Count A, and amended Count 4 by striking therefrom the words "erected and" where they occurred in said count in connection with the averment that "the defendant [erected and] maintained a barricade, plank or other obstruction across or partly across said highway."

The first contention of the appellant is that the evidence is without dispute that the barricade was placed on the road by the state highway department, and not by the defendant, and in excerpt from the oral charge of the court, to which exception was reserved, the basis for the 177th assignment of error, the court ignored the effect of this amendment, in the utterance: "There is evidence of a contract between the defendant and the State Highway Department, and you can look to that contract in determining as to the right of the defendant on the road at that point in regard to the erection of that barricade. But I will say to you, gentlemen, that the breach of duty charged in the complaint against this defendant is limited to the breach of duty charged in the complaint, that is, in failing to have the proper warning signs on the barricade, and you cannot look to this contract, gentlemen, to increase or enlarge the duty which the defendant owed to the plaintiff using that public road." This contention is clearly without merit, not only because the evidence was in dispute as to whether the defendant erected the barricade or detour sign— the defendant in its answers to the interrogatories filed under the statute having stated that it placed said barricade or detour sign on the highway—but also for the reason that the instruction limited the inquiry to the maintenance of proper warning signs on the barricade. The effect of the evidence on the point as to who erected the barricade was pointed out on the former appeal. Morgan Hill Paving Co. v. Fonville, 222 Ala. 120, 130 So. 807.

Whether the apparatus maintained at the place of the inquiry be called a detour sign or what not, it was, under the undisputed evidence in the case, placed on the highway to obstruct the general traffic beyond the point where it was maintained, and was in this

**386**

sense a barricade, and this instruction was not subject to the criticism that it was unwarrantedly assumed that the apparatus was a barricade. Nor is the instruction in conflict with given charge 15.

■ The next insistence is that the court erred in instructing the jury in the oral charge, to which exception was reserved and made the basis of the 179th assignment of error: "If you find from the evidence that they (defendant, its agents or servants) were negligent in that regard, that they did not use the care which a reasonably prudent person would have used in regard to placing lights on this detour sign, then they would be guilty of negligence."

The contention is that this instruction is omissive in not going further and requiring the defendant to exercise "a degree of skill as is usually exercised by persons of ordinary prudence who are engaged in such business or accustomed to doing work of that character, especially where the lack of such skill would be highly dangerous to the persons or lives of others." If this criticism is well founded, the instruction given is more favorable to the defendant than if it had been stated as appellant contends. The rule contended for is applicable to skilled professionals and artisans, specially trained in the profession or business in which they are engaged, as to which the law exacts a higher duty than as to ordinary affairs. Travis v. L. & N. R. R. Co., 183 Ala. 426, 62 So. 851, cited by appellant, illustrates the application of this rule. The matter of placing a detour sign or a barricade on a public highway to warn the ordinary traveler on a highway is one of common sense and sound judgment, which all reasonably prudent men are presumed to possess. The instruction was in accordance with this view, and is not in conflict with the opinion on second appeal. Morgan Hill Paving Co. v. Fonville, 222 Ala. 120, 130 So. 807; 45 C. J. 694.

The appellant next insists that it was entitled to the affirmative charge because of failure of the plaintiff to prove that the defendant maintained the detour sign or barricade on the highway. This question was fully dealt with on the former appeals, and we find nothing in the record to warrant further treatment. As before stated, there was evidence going to show that the sign was not only placed on the highway, but was maintained there, and that defendant undertook to keep it lighted.

■ Refused charges 13, 14, and 19 were abstract, and were also covered by charge K given for defendant.

Refused charge 35 was covered by defendant's given charge XX.

■ Refused charge 34 would have left to the jury a question of law—what constituted a joint venture—and was properly refused.

Refused charges 2–x and R–1 pretermit the question of negligence on the part of the defendant in respect to maintaining lights or reflectors on the detour sign, and were well refused.

The proposition of refused charges 2, 11, and P–1 was substantially covered by charge 7, given for defendant, and they were refused without error.

■ Refused charges 4, B–1, Q–1, H–1 and N–1 were invasive of the province of the jury in assuming that acts hypothesized constituted negligence on the part of the plaintiff. Morgan Hill Paving Co. v. Fonville, 222 Ala. 120, 130 So. 807; Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543. Moreover, the propositions asserted by these charges were substantially covered by given charges 1, 3, and 6.

Refused charge Y is argumentative and invasive of the province of the jury, and invited the jury to ignore evidence going to show negligence in failing to maintain lights or reflectors on the barricade. Charge U was subject to the last-stated criticism as to Y.

Refused charge C was condemned on the second appeal. Morgan Hill Paving Co. v. Fonville, supra, 222 Ala. 120, 126 [14], 130 So. 807, 813.

Refused charge 54 left to the jury a question of law—the constituents of a joint enterprise—and, moreover, was substantially covered by given charge XX.

Refused charges S–1, T–1, D–1, and l. x. are in substance the same as refused charge 42, condemned on the second appeal. Morgan Hill Pav. Co. v. Fonville, supra.

Refused charge 53 is elliptical, and was properly refused.

Refused charge I was abstract and also misleading.

■ The objections now urged against the sufficiency of count 4 of the complaint, as last amended, are not stated in the demurrers, and these cannot be considered. Code 1923, § 9479; Louisville & N. R. R. Co. v. Cowley et al., 164 Ala. 331, 50 So. 1015; Sibley v. Hutchison, 218 Ala. 441, 118 So. 638.

■ The contention of the appellant, that the court erred in not requiring the plaintiff to elect on which of the counts of his complaint he would try his case, is wholly without merit. Moreover, the plaintiff, before the case was submitted to the jury, withdrew all counts except count 4, and the case was submitted to the jury on this count alone. If

evidence was adduced that was relevant only to the counts withdrawn, motion to exclude or by appropriate instructions to the jury were the proper methods to avert prejudice to the defendant's rights, and the defendant requested, and the court gave, numerous special charges to this end. Charges 15, 24, 21, 45, 16, 2Y, 18, 43, 46, 23, 44, 17, and 22, were directed to this purpose.

Count A was in the complaint when the defendant's answers to the interrogatories, filed under the statute, were received in evidence, and the court did not err in overruling the defendant's objection thereto, and, after that count was withdrawn, the court, in the oral charge and by numerous written charges given, removed any hurtful consequences to the defendant by limiting the effect of the contract between the highway department to showing the defendant's right to maintain the apparatus on the highway, and this met the requirement of the rule giving the defendant the right to have the evidence limited. Western Union Tel. Co. v. Favish, 196 Ala. 4, 71 So. 183; Barfield v. Evans, 187 Ala. 579, 65 So. 928.

If defendant was guilty of negligence which proximately caused plaintiff's hurt, as alleged in count 4 of the complaint, it cannot shield itself from liability by instructions from the state highway department. The law imposed on defendant the duty of exercising reasonable care, and will hold it liable for its failure to do so, regardless of such instructions.

The demurrers to special pleas 11, 12, A.x. and B.x. were well sustained.

Defendant's pleas 7, 8, 9, and 10 seek to impute the negligence of the driver of the car to plaintiff, and held him responsible therefor, in the absence of any authority in plaintiff to control or direct its movements; and the demurrers thereto were well sustained. If, as averred in some of said pleas, the negligence of the driver of the car was the sole proximate cause of plaintiff's injury, this could be shown under the general issue.

Charges 32 and 33, requested by defendant, were properly refused. Grauer v. Alabama Great Southern Ry. Co., 209 Ala. 568, 96 So. 915.

The objections to the testimony of the witness Dye, made the predicate for assignments of error 91, 92, 107, and 108, were properly overruled. Jones v. Keith, 223 Ala. 36, 134 So. 630.

We have examined the other questions argued, relating to rulings on evidence, and we find nothing therein to justify a reversal of the judgment, or that requires specific treatment.

There was evidence which, if believed, is sufficient to support the verdict of the jury, and error cannot be affirmed in overruling the motion for a new trial. Southern Ry. Co. v. Kirsch, 150 Ala. 659, 43 So. 796.

No reversible error appearing on the record, the judgment will be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.