146 So. 808

## INGRAM v. GUIN et al.
### 6 Div. 233.

Supreme Court of Alabama.
March 16, 1933.

Taylor & Higgins, C. M. Hewitt, and Waldrop Windham, all of Birmingham, and C. E. Mitchell, of Hamilton, for appellant.

Ernest B. Fite and K. V. Fite, both of Hamilton, for appellees.

KNIGHT, Justice.

Suit by appellant (plaintiff in the court below) against the appellees for damages to an automobile, and personal injuries, alleged to have been sustained by the plaintiff as the proximate result of the failure of the defendants, their servants or employees, to maintain proper lights, signals, or warning to indicate the presence of a barricade, etc., which they had erected and maintained, at the time, across a public thoroughfare, commonly known as the Memphis and Hamilton highway, at a point on said highway about eleven miles from the city of Hamilton, in Marion county, Ala. The complaint, after amendment, alleged that the barricade was maintained by the defendants, omitting the word "erected," as the same appeared in the original complaint. The accident is alleged to have occurred on September 20, 1929.

The negligence charged against the defendants in the complaint is that the defendants, their servants, agents or employees, while acting within the line and scope of their employment as such, maintained a barricade across said highway, and negligently failed to have and maintain signals, lights, or other warnings of the presence of said barricade across, or partly across, said highway at said point.

The contract between the state of Alabama and the defendant L. C. Britton Contracting Company was not pleaded, and therefore the suit was not for a breach of the contract, or a breach of duty arising out of the contract, to maintain suitable barricades, and signals, lights, and warnings of the obstruction. Had the suit been so brought, we are not prepared to say that the result would have been the same, as now reached by us under the pleadings, as cast.

There is not one scintilla of evidence in this case tending in the remotest degree to show that these defendants maintained the barricade as charged in the complaint. To the contrary, the evidence without dispute shows that the barricade was erected by the Bessemer Engineering & Construction Company, while it was constructing the road. This construction company had nothing to do with the bridge work. This last-mentioned work was let, on contract, by the state to L. C. Britton Contracting Company, who in turn sublet the work to the defendants C. C. and Z. R. Guin. It further appears from the evidence, without dispute, that, when the Bessemer Engineering & Construction Company completed the road work, the road was turned over to the state, but that the state had not opened up for public travel the new road from the bridge, which the defendants were constructing, back for a distance of about a quarter of a mile to the point of the detour, at or near the residence of a Mr. Whitehead. The evidence further shows, without dispute, that the state maintained the barricade in question, and, through its servants or agents, undertook to keep lanterns on the barricade lighted at night to warn traffic. On this point C. L. Dozier, a witness for defendants, testified: "My name is C. R. Dozier. In September and August, 1931 (1929), I was county foreman over maintenance of State roads in Marion County, Alabama, and was employed in the capacity by the State Highway Department. Mr. G. M. Pruitt who was district inspector was my immediate superior. The State of Alabama took over the maintenance of the road that was built by the Bessemer Engineering and Construction Company to the Mississippi state line on August 15, 1929. At that time, there was a barricade there near Mr. Whitehead's house where the new road crossed the old road." Over the objection of the plaintiff, the witness further testified: "He received instructions from Mr. Pruitt with reference to taking charge of the barricade, looking after it, keeping it lighted, etc., and that after August 15, 1929, he had somebody to look after the barricade under his direction and keeping it lighted. During all that time he was in the employ of the State Highway Department, and that he hired persons to place lanterns on the barricade. That he hired Mr. Luther Stedham to keep the lanterns on the barricade." This testimony of Mr. Dozier was fully corroborated by Mr. Stedham, who was examined on behalf of defendants.

As above stated, there is not the slightest evidence in this case tending to show that the defendants, or any one of them, maintained the barricade, or had anything, at any time, to do with it.

The court gave the general affirmative charge in favor of the defendants, observing at the time: "And the plaintiff's charge against the defendants is that they maintained that barricade, and in doing it they were guilty of negligence in failing to put up light and to warn the public. The court sees no evidence here to warrant a finding that they ever maintained it. May be they were under duty to do it; may be they were contracting with the State to do it; but plaintiff does not come in and say they were under duty to do it, and didn't do it, he says they

maintained it, and were negligent to doing it, and there is no evidence to support it."

We are in full accord that the plaintiff has failed to make out a prima facie case against defendants under his complaint as drawn, and the defendants were due the affirmative charge. Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610; Id., 222 Ala. 120, 130 So. 807; Id., 224 Ala. 383, 140 So. 575.

It results that there was no error in the charge given at the written request of defendants, and the judgment of the circuit court will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.