# Adams *v.* Thornton & Wellborn.

*Action on Attachment Bond.*

1. *Struck jury.*—When a special jury is demanded in a civil case (Code, § 3018), and of the twelve selected one is absent, if the parties do not agree to go to trial with the remaining eleven, the court may order the summons of a number sufficient to supply the deficiency, and require a new jury to be struck from the completed panel.

2. *Relevancy of evidence as to damages caused by attachment.*—In an action on an attachment bond, damages being claimed for loss of credit and business as a merchant, if it were shown in defense that plaintiff had resumed business in a short time, it might be permissible for him to prove, in rebuttal, that he was enabled to do so through the aid of other persons; but without such evidence in defense, and as independent evidence, that fact would be irrelevant and inadmissible.

3. *Same* —Nor can the plaintiff be permitted to prove "what amount of business he had been doing since the attachment was sued out, as compared with what he did before."

4. *Proof of reason why assignment was made.*—Plaintiff having made an assignment a few days after the attachment was sued out against him, he can not be allowed to testify that "the assignment was made on account of the attachment;" the principle being, that a witness, or

party testifying as a witness, can not state an uncommunicated reason or motive for doing an act.

5. *Corroborating witness by proof of former statements.*—Plaintiff having stated, while testifying as a witness for himself, that he had proposed to pay defendant's debt in goods, which statement defendant denied, it is not permissible to prove, in corroboration of the statement, that plaintiff had so testified on a former trial of the cause.

6. *Assignment by one partner.*—When a partnership consists of two members, and both are present, or can be consulted, neither one of them can make an assignment of all their property, without the consent, or against the objection of the other.

7. *Argumentative charge* —A charge which instructs the jury, that if they believe from the evidence that plaintiffs would have been compelled to make an assignment, unless defendant loaned them more money, and that the making of such assignment would have destroyed their credit, then they can not give plaintiffs any damages for loss of credit, is properly refused, because argumentative.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Thornton & Wellborn, suing as partners, against James R. Adams, and was founded on an attachment bond, the condition of which was, "that the said Adams shall prosecute his said attachment to effect, and pay the said Thornton & Wellborn all such costs and damages as they may sustain by reason of the wrongful or vexatious suing out of said attachment." The plaintiffs were engaged in business in Montgomery as merchants ; the attachment was sued out against them on the 30th January, 1884, on the ground that they were about to dispose of their property fraudulently, and was levied on their stock of goods ; and on the next day they made an assignment for the benefit of their creditors. This action was commenced on the 12th May, 1884. The complaint alleged that the attachment was sued out both wrongfully and vexatiously, and claimed special damages for the loss and injury to plaintiffs' credit, character and business as merchants. On the first trial, the plaintiffs had a judgment on verdict for the full amount of the bond, which was reversed by this court on appeal.—*Adams v. Thornton & Wellborn*, 78 Ala. 489. On the last trial, as shown by the present record, the plaintiffs again recovered a verdict and judgment; but numerous exceptions were reserved by the defendant to the rulings of the court, and these rulings are here assigned as error. In addition to the facts stated in the opinion, it is only necessary to state the following :

Wellborn, one of the plaintiffs, testifying as a witness for them, stated that, "several days before the attachment was sued out, he had offered to let Adams have goods, at less than New York cost, in payment of his debt;" but Adams,

testifying as a witness for himself, denied that such offer was made. "In stating the case to the jury, P. T. Sayre, one of the plaintiffs' attorneys, stated that Wellborn had proposed, before the attachment was sued out, to pay Adams in goods. In replying to this, H. C. Semple, in putting defendant's case to the jury, stated that defendant had never heard of that fact before; that he was present at the last trial of the case, and that no such fact had been testified to. In replying to this, Mr. Sayre stated that such fact had been testified to on both of the former trials. No evidence was introduced by the defendant on this point. After the defendant had closed his testimony, the plaintiffs examined Mr. Sayre in rebuttal, and asked him this question: 'Did Wellborn swear, on the first trial of this cause, that he had offered to pay Adams in goods at New York cost?' To which he answered, 'He did.' He was then asked, 'Why was not such testimony brought out on the last trial?' and answered, 'Because plaintiffs' attorneys omitted to inquire about it.'" The defendant objected to each of these questions as asked, and excepted to their allowance by the court; and these rulings are here assigned as error.

In the interviews between Wellborn and Adams, before the attachment was sued out, something was said by Wellborn about the probability or necessity of plaintiffs' making an assignment, if they could not procure an additional loan of money; but the parties differed in their testimony as to what was said in that connection. Among other charges given at the instance of the plaintiffs was the following: "(11.) If the jury believe, from the evidence, that Thornton was present, and could have been consulted, or was capable of acting in the matter, Wellborn could not have made an assignment of all the partnership effects, for the benefit of their creditors, without the consent, or against the known wishes of Thornton." To this charge the defendant excepted.

The defendant asked several charges in writing, and among them the following: "(2.) If the jury believe, from the evidence, that Thornton & Wellborn would have been compelled to make an assignment, in the event Adams failed to loan them more money, and that the making of such assignment would have destroyed their credit, then the jury can not give plaintiffs any damages for loss of credit." The court refused to give this charge, and the defendant excepted to its refusal.

H. C. SEMPLE, and TROY, TOMPKINS & LONDON, for appellant.

[Adams v. Thornton & Wellborn.]

SAYRE & GRAVES, and WATTS & SON, *contra.*

STONE, C. J.—The bill of exceptions, in one place, tends to show that both parties agreed to try the case with ten jurors, and, in another place, that the plaintiffs demanded a full jury, unless defendant would consent to try with the eleven who were present. The court ordered a new jury to be struck and organized, after filling up the panel to two full juries, or twenty-four names. In thus ordering, the Circuit Court ruled, in effect, that no valid agreement had been made to try with less than a full jury, and the record fails to convince us he erred in so ruling. In summoning additional jurors to complete the panel, before the process of rejection or striking should commence, the Circuit Court committed no error.—*Abernathy v. State,* 78 Ala. 411.

2. In permitting plaintiffs to prove that, since the attachment, they had been enabled to resume business through the aid of others, and who these others were, the Circuit Court erred. This testimony, in behalf of plaintiffs, was wholly irrelevant, as an independent proposition. If, in answer to the charge that plaintiffs' credit had been impaired by the attachment, it had been shown in defense that they had resumed business, we will not say plaintiffs could not then have explained by proof how it was they had been enabled to resume. Offered as it was, however, the Circuit Court erred in admitting it.—*Mattison v. State,* 55 Ala. 24.

3. Neither was it permissible to prove what amount of business plaintiffs had done since the levy of the attachment, as furnishing any reliable basis for the assessment of damages. Trade is dependent on too many contingencies to be relied on as a factor in such calculation. Financial activity or depression, competition, amount of capital invested, and many other concomitants or accidents, enter into the problem of success in a mercantile adventure. Probable *data* for the assessment of damages should be sufficiently uniform in their nature and working, as to have acquired the qualities of at least a general rule.—*Galbraith v. Cole,* 61 Ala. 139.

4. The Circuit Court also erred in permitting plaintiff Wellborn to testify that "the assignment was made on account of the attachment." So far as the record informs us, this was proving a secret or uncommunicated motive. This should have been left for the jury to determine.—*Herring v. Skaggs,* 57 Ala. 180; *Ala. Fur. Co. v. Reynolds,* 79 Ala. 497.

5. The testimony of the witness Sayre, offered as it was, was irrelevant, and should not have been received. The

[Ryall v. Prince.]

most that can be made of it is, that it tended to corroborate Wellborn's testimony on this trial, by proving he had given similar testimony on a former trial. - 1 Greenl. Ev. § 4! 9; *Conrad v. Griffey*, 11 How. U. S. 480.

　6.　The eleventh charge given at the instance of plaintiffs asserts, that if a partnership consists of two members, and both are present, or can be consulted, then one partner can not make an assignment of all the property without consulting the other, or against his objection.　Conceding that each partner has equal right in, and power over the partnership effects, this charge would seem to be an axiomatic truth.　Two equal forces, operating in opposite directions, can not produce motion ; and motion or action is necessary to the making of an assignment, or any other contract.　In the case of *Ellis v. Allen, Bush & West*, at the present term (80 Ala. 515), we considered this question, and need add nothing to what is there said.　This charge is free from error.

　7.　Charge 2, asked by defendant, is not the assertion of a legal proposition.　It is, at most, an argument, and was rightly refused on that account.

　There is nothing in the other questions raised.

　Reversed and remanded.