184 So. 176

**BURNS v. LEATH, Sheriff.**

**7 Div. 521.**

Supreme Court of Alabama.

Oct. 6, 1938.

Rehearing Denied Nov. 10, 1938.

L. B. Rainey, of Gadsden, for appellant.

Motley & Motley and Culli, Culli & Swann, all of Gadsden, for appellee.

BOULDIN, Justice.

The appeal is from a judgment denying a motion to quash an execution issued upon a forthcoming bond in detinue purporting to be signed by appellant, as surety. The ground of the motion was that movant did not execute the bond; that it was not signed by him nor by any one authorized by him.

A bill in equity for like purpose had been filed, and on appeal to this court was held without equity on the ground, among others, that complainant had a complete and adequate remedy at law by motion to supersede and quash the execution as here sought.

On the trial of the motion movant offered depositions taken on oral examination before the Register in the equity case. The court sustained objections thereto, and movant excepted. No other evidence being offered, the motion was overruled.

The only argument of appellant touching the ruling of the court rejecting the evidence taken in the chancery cause is in these words: "The Court was in error in excluding the testimony in the Chancery case of R. K. Lister v. Mack-Roper Motor Company et al., wherein no point was made by counsel as to the offering of such testimony. (T. P. 12, Lines 3 to 18 inclusively)."

Testimony taken and on file in another cause between the same parties on the same issue is inadmissible in the absence of a predicate showing the witness or witnesses whose testimony is offered are not avail-

'able for examination at the time of the trial. E. E. Yarbrough Turpentine Co. v. Taylor, 201 Ala. 434, 78 So. 812; Adams v. Thornton & Wellborn, 82 Ala. 260, 3 So. 20.

 Such former testimony when offered as a whole may be rejected if portions thereof are not legal evidence. Louisville & N. R. Co. v. Dilburn, 178 Ala. 600, 59 So. 438.

The testimony offered was subject to objection on both these grounds

· If above argument be taken to mean there was a waiver of such objections, we think the record does not support this contention.

The bill of exceptions recites: "This motion being submitted on this date, Movant offers in evidence testimony of complainant and his witnesses in cause of R. K. Lister v. Mack-Roper Motor Company et al., in case 4890, Circuit Court of Etowah County, Alabama, in Equity, and exhibits thereto, to which offer the plaintiff objects, but not on the ground that the same consists of oral depositions in a chancery case; objection sustained by the Court and Movant excepts."

While the objection was general, it gave notice that only the ground mentioned was waived.

 While the court is entitled to know the ground of objection, the objecting party is not required to advise opposing counsel the grounds of objection. It is for him who offers testimony to lay necessary predicates and otherwise offer testimony in admissible form.

There is a further recital that it was agreed that no point would be made on the ground stated. Also that the "Court indicated that while no point would be made on this ground, that he would sustain objection to the testimony itself." The same recital shows the movant, the main witness, was present.

The remarks of the court may well be taken as a warning to counsel that on objection the testimony would not be admissible because the witness was present. No inquiry was made as to why the court deemed the testimony inadmissible. We cannot put the court in error under these circumstances.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.