174 So.2d 501

**R. C. MITCHELL**

**v.**

**Jerry Franklin VANN.**

**4 Div. 154.**

Supreme Court of Alabama.

Feb. 18, 1965.

Rehearing Denied April 22, 1965.

**2**

———◆———

J. Hubert Farmer, Dothan, for appellant.

Lee & McInish, Dothan, for appellee.

COLEMAN, Justice.

Plaintiff appeals from judgment for defendant in action for personal injury allegedly sustained by plaintiff as the proximate result of the negligence of defendant in operating an automobile so as to cause it to run into the plaintiff.

Plaintiff assigns as error the action of the court in denying plaintiff's motion that the court qualify the prospective jurors "as to whether any of the jurors is a stock-holder, officer or agent, or employee of the Dixie Auto Insurance Company, of Anniston, Alabama." Insurer will be referred to as Dixie.

Overruling the ground of the motion for new trial which raises the same point is also argued as error.

Plaintiff stated to the court that at the time of the injury sued for, plaintiff had in full force and effect an insurance policy with Dixie, under the terms of which policy the insurer would be liable to pay "to the plaintiff on any judgment of any damages caused by the defendant in this case at the time of the collision, not exceeding $5,000.00 . . . ." Plaintiff stated to the court that defendant did not carry liability insurance at the time of collision. On the hearing of the motion for new trial, it was stipulated that defendant had no liability insurance at the time of the alleged accident.

On hearing the motion for new trial, the court overruled defendant's objection to a question propounded to plaintiff, and said:

"THE COURT: Overrule the objection. Mr. Farmer requested that the Court qualify the venire of jurors at the time this case was tried and the jury was to be selected to try this case, as to whether or not any juror was connected with the Dixie Auto Insurance Company and made known to me the fact that this plaintiff did have a policy of insurance, a contractual obligation with the Dixie Auto Insurance Corporation, agreeing to pay him certain damages, in case he suffered damages that were not collectible out of some other party, and the Court refused to so qualify the jurors, on the grounds that it was immaterial as to the existence of a contractual obligation that the Dixie Auto Insurance Company had with the plaintiff, and the defendant in the case, Jerry Franklin Vann, was not connected with Dixie

Auto Insurance Company in any way whatsoever and, therefore, immaterial as to a contractual obligation existing between Dixie Auto Insurance Company and the plaintiff. As I understand, this motion today raises the ground the Court committed reversible error in refusing to qualify the list of jurors as to their possible connection with the Dixie Auto Insurance Company, at the time of the trial. Overrule your objection."

The policy contains the following provisions:

## "FAMILY PROTECTION COVERAGE ENDORSEMENT
"(Automobile Bodily injury liability)

| "Policy Holders name | "Policy Number |
|---|---|
| "Rev R C Mitchell | "34753 |
| "Effective date of endorsement | "Amount of Premium |
| "09  10  59 | |
| "Mo  Day  Yr        "1 9 9 9 | "04.00 |

### "SCHEDULE

"Designation of named insured for purposes of this endorsement (See Insuring Agreement 11(a))

"LIMITS OF LIABILITY:  Ala.   $5,000.00)              $10,000.00

                        Ga.  $10,000.00)—each person; $20,000.00

                        Fla. $10,000.00)              $20,000.00
                                                      each accident

"Other States:  The financial responsibility requirement of the state in which the policyholder lives.

"In Consideration of the payment of the premium for this endorsement, the company agrees with the named insured subject to the limits of liability, exclusions, conditions and other terms of this endorsement and to the applicable terms of the policy:

### "INSURING AGREEMENTS

"1.  Damages for Bodily Injury Caused by Uninsured Automobiles: To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### "EXCLUSIONS

"This endorsement does not apply:

"(a) to bodily injury to an insured, or care or loss of services recoverable by an insured, with respect to which such insured, his legal representative or any person entitled to payment under this endorsement shall, without

written consent of the company, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor;

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## "CONDITIONS

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"6.   Arbitration: If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand by either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.  Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.

"7.   Trust Agreement: In the event of payment to any person under this endorsement:

"(a)   The company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

"(b)   such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this endorsement;

"(c)   such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

"(d)   if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery, for expenses, costs and attorneys' fees incurred by it in connection therewith;

"(e)   such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision.

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   ."

---

Defendant cites Hudson v. Stripling, 261 Ala. 196, 73 So.2d 514, where this court said:

"It is settled by the decisions of this court that the plaintiff is entitled to have the jury qualified as to their connection with or interest in a liability insurance company obligated under its policy issued to the defendant, to pay all or any part of any recovery which

may be had against the defendant in the case. * * *" (261 Ala. at page 201, 73 So.2d at page 517)

See also: Citizens' Light, Heat & Power Co. v. Lee, 182 Ala. 561, 62 So. 199; Vredenburgh Saw Mill Co. v. Black, 251 Ala. 302, 37 So.2d 212; Code 1940, Title 30, § 55, as amended by Act No. 260, 1955 Acts, page 605.

Underlying this rule seems to be the ancient principle that "A man cannot, under the law, be a judge or a juror in his own case. * * *" Citizens' Light, Heat & Power Co. v. Lee, 182 Ala. 561, 577, 62 So. 199, 205.

Voir dire examination of jurors seems to be necessary to allow parties to ascertain whether prospective jurors be disqualified or subject to challenge.

■ It cannot be doubted that the law demands that jurors who administer justice in its courts should be free from bias or prejudice. They should be impartial and indifferent to the result of the suit, save as the evidence and the law direct. Citizens' Light, Heat & Power Co. v. Lee, supra, at page 577, 62 So. 199.

As we understand defendant's brief, he argues that the inquiry moved for by plaintiff was properly denied for four reasons, to wit:

1. The policy was issued to plaintiff and not to defendant.

2. Subdivision 12 of § 55, Title 30, Code 1940, as amended, allows as ground for challenge that any juror is officer, etc. of "an insurance company indemnifying any party to the suit against liability," and the policy issued here by Dixie did not indemnify any party to this suit.

3. The policy provided for arbitration and was merely a contract between plaintiff and Dixie in which defendant was not interested.

4. Not only must plaintiff submit his claim against Dixie to arbitration, but Dixie shall have all rights against defendant which plaintiff had against defendant.

■ The reason for disqualifying a juror who is stockholder, etc., in an insurance company, does not depend, as we see it, on whether the policy was issued to plaintiff or defendant. The juror is disqualified because he is interested in the company and the company stands to gain or lose as a result of the verdict.

Subdivision 12 of § 55, Title 30, supra, as amended, recites:

"Section 55. It is a good ground for challenge by either party:
" . . . . . . .

"12. In any civil case, that the juror is an officer, employee or stockholder of, or in case of a mutual company is the holder of a policy of insurance with, an insurance company indemnifying any party to the suit against liability in whole or in part or holding a subrogation claim to any portion of the proceeds of the claim sued on or being otherwise financially interested in the result of the suit."

Subdivision 12 provides, that it is good ground for challenge "that the juror is an officer . . . . of . . . . an insurance company indemnifying any party . . . . or being otherwise financially interested in the result of the suit." Moreover:

"This court has repeatedly held that the disqualifications of jurors mentioned in the statutes are not the only ones that exist or that will be enforced by the courts of the state, but that there are others which existed at the common law, and which will be observed in passing upon the competency of jurors in both civil and criminal trials." Citizens' Light, Heat & Power Co. v. Lee, 182 Ala. 561, 578, 62 So. 199, 205.

**6**

■ Is Dixie, under the uninsured motorist clause, financially interested in the result of this suit?

This coverage is "a new type of automobile insurance which came into being as the result of public concern over the increasingly important problems arising from injuries inflicted by negligent motorists who are uninsured and financially irresponsible." 79 A.L.R.2d 1252.

In Boughton v. Farmers Ins. Exchange, (1960, Okl.), 354 P.2d 1085, 79 A.L.R.2d 1245, 1254,

" . . . . The insured, after securing a judgment against an uninsured motorist after notice to but without the consent of the insurer, refused to arbitrate and sued on the policy. Pointing out that Oklahoma had no arbitration statute and the common law governed, and that the policy provided for the payment of all sums which the insured was legally entitled to recover whereas the arbitration clause sought to limit the amount to the damages agreed upon or determined by arbitration, the court reversed a judgment for the insurer on demurrer, and held that the arbitration provision was contrary to public policy and unenforceable because it was a stipulation depriving the courts of jurisdiction as to future controversies, and that the 'no action' clause was void under a statute which nullified agreements restricting parties from enforcing contractual rights by the usual legal proceedings and ordinary tribunals. Rejecting the insurer's contention that all parts of the insuring agreement were thereby voided, the court said the essential part of the contract for which the consideration was paid was insurance protecting against uninsured motorists, not procedure for determining liability, and the insurer was charged with knowledge that such policy provisions were unenforceable and void and could not deny liability by reason thereof. The court also held that the insurer could

not relitigate the questions of the liability of the uninsured motorist or the amount of the insured's damages and that the judgment in the action against the uninsured motorist was conclusive of the issues therein determined, subject to any defenses the insurer might have against it, since it had notice of and a full opportunity to participate in that action."

We are not to be understood as deciding, at this time, whether Dixie can invoke the arbitration provisions of its policy or whether a judgment for plaintiff against defendant, in the instant case, would be conclusive also against Dixie.

We do hold that Dixie is interested in the result of the instant suit, although: (1) the policy was issued to plaintiff and not to defendant; (2) the policy does not indemnify defendant or any party to this suit; (3) whether the arbitration provisions of the policy be effective or not; and (4) although Dixie, on payment to plaintiff of a recovery against defendant, may be subrogated to plaintiff's rights against defendant.

We hold this because a recovery by plaintiff against defendant, who was admittedly uninsured, can result in a recovery by plaintiff against Dixie. Dixie agreed to pay "all sums which the insured . . . . shall be legally entitled to recover . . . . from the owner or operator . . . . of the uninsured automobile."

Defendant's automobile was uninsured. If plaintiff is legally entitled to recover from defendant, Dixie has promised to pay. We see nothing here to relieve Dixie from the result of its promise. If plaintiff wins a verdict against defendant, then we see no reason why Dixie should not pay, and if Dixie is liable to pay, Dixie is interested in the result of the suit.

Even if the arbitration provisions should be effective, which we do not decide, we see no reason to suppose that Dixie would,

by arbitration, escape a lawfully imposed obligation. It would appear appropriate to presume that the arbitrators would do what is right.

Being of opinion that Dixie is interested in the result of this suit, we are of opinion that plaintiff was entitled to ascertain whether the jurors were stockholders, etc., of Dixie, and that the court erred in refusing to so inquire on voir dire.

Reversed and remanded.

LAWSON, GOODWYN and HARWOOD, JJ., concur.

ON REHEARING

COLEMAN, Justice.

Defendant earnestly insists that our decision in this case is wrong and respectfully asks that we answer questions, or arguments, posed in brief which defendant filed in support of application for rehearing.

First, defendant says:

". . . . let us suppose in this case Appellant with the written consent of his insurance company made a settlement with Appellee and that Appellant's insurance company is now bringing this suit through Appellant, in accordance with the terms of the policy, to recover the amount of the settlement. Would Plaintiff then be entitled to qualify the jury as to the Plaintiff's insurance company? . . . ."

We do not clearly understand how an action in name of plaintiff could be maintained against defendant if plaintiff had agreed to a settlement with defendant, or how either plaintiff or insurer would be interested in bringing an action against defendant if a settlement had been made, because we understand the expression, "made a settlement," to mean that the parties agreed on the amount of damage and that defendant paid to plaintiff the agreed amount. Defendant may intend to suppose that defendant had not paid the agreed amount.

Second, defendant says:

". . . . If Appellant was requested in writing by Appellant's insurance company to take action against this Defendant in order to recover and to reimburse Appellant's insurance company expenses, costs and attorney's fees incurred, as well as the recovery of any settlement made with Appellant by Appellant's insurance company, would Appellant be entitled to have the jury qualified as to Appellant's insurance company? On Page 506 of said opinion, this Court decided that Appellant's insurance company is interested in the results of this suit. This Court said 'the Company stands to *gain* or lose as a result of the verdict' (Page 505 of the Opinion) if the insurance company through a Plaintiff is attempting to *gain* does this not prejudice the Defendant by allowing the Plaintiff to qualify the jury as to the insurance company?"

Third, defendant says:

". . . . Suppose Appellant's insurance company had already arbitrated and paid Appellant and this was a subrogation suit to recover the amount it had paid Appellant. Should the jury be qualified as to Plaintiff's insurance company? All of the foregoing could be factual. In this event, is this Court saying that when an insurance company is attempting, through a Plaintiff, to recover from the Defendant sums it has expended for Plaintiff's benefit, the Plaintiff has the right to qualify the jury as to Plaintiff's own insurance company? . . . ."

We note in passing that Subdivision 12 of § 55, Title 30, refers to "an insurance company" interested, etc., and that the stat-

ute gives the right of challenge to "either party."

■ As defendant says, his three contentions rest on supposed factual situations. We think it sufficient answer to say that the transcript does not show that any of the three supposed situations existed in this case.

"If we were to express an opinion based on facts not shown by the record in this case, that opinion would be dicta and would not be binding in subsequent cases. This court has quoted with approval the following statement of this rule:

" ' * * * It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision.' * * *" State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 341, 186 So. 487, 496, 121 A.L.R. 283.

"When another case involving different facts comes before us, it will be our duty to decide that case according to the law applicable to the facts then presented." Wilkinson v. Rowe, 266 Ala. 675, 680, 681, 98 So.2d 435, 440.

Defendant argues further that even if the court erred in refusing to inquire whether any juror was interested in Dixie, such error, for aught that appears, would be without injury.

We take this to mean that defendant is saying that, in order to justify a reversal for the error in refusing to qualify jurors as to their connection with Dixie, plaintiff should be required to show that one of the veniremen was an officer, stockholder, or employee of Dixie. It may be that defendant is arguing that plaintiff should further show that one of the jurors who tried the case was such an officer, stockholder, or employee.

■ We are of opinion that plaintiff should not be required to carry such a burden. In Duke v. Gaines, 224 Ala. 519, 522, 140 So. 600, 602, in holding that plaintiff had a right to examine jurors, this court said:

"Clearly it is the right of the plaintiff to have ascertained whether there is an insurance carrier for the purpose of qualifying the jury, and, if so, his right is to ascertain whether jurors are interested by reason of connection with such company.

"In Citizens' L., H. & P. Co. v. Lee, 182 Ala. 561, 62 So. 199, it was remarked that if the trial court and counsel for plaintiff knew none of the jurors were interested, any examination would be improper, or in bad faith, merely designed to prejudice the case by injecting the insurance company as the party to pay. We approve this announcement. But since that decision, section 8662 of the Code has been enacted, conferring on the parties the right to examine jurors touching their interests, etc. Morgan Hill Paving Co. v. Fonville, 222 Ala. 120, 130 So. 807; Mays v. State, 218 Ala. 656, 120 So. 163.

"In the face of this statute we cannot hold the defendant may take some other method of proving the qualifications of the jurors, cutting off this statutory right to qualify them in the usual manner."

Neither do we think plaintiff can be deprived of the right conferred by the statute; § 8662 of Code 1923, § 52, Title 30, Code 1940; by holding denial of such right to be without injury unless plaintiff assumes and carries the burden of showing affirmatively that one or more of the veniremen was then an officer, stockholder, or employee of an interested insurer.

In refusing to hold harmless the error of requiring a party to strike from a list of

28 jurors when the law provided for 24, this court said:

"With respect to the nonapplication of rule of practice 45 to this case, it is not the policy of this court to apply that wholesome and useful rule in such a way as to nullify positive laws which can be upheld only by their compulsory observance." Brilliant Coal Co. v. Barton, 203 Ala. 38, 40, 81 So. 828, 830.

"In order that the practice prescribed by the Legislature may be preserved, we deem it necessary that the judgment in this case be reversed for the erroneous practice here shown." Brilliant Coal Co. v. Barton, supra, at page 39, 81 So. at page 829.

We are of opinion that the foregoing quotations apply to this case and that we should adhere to our original ruling.

Opinion extended.

Application overruled.

LAWSON, GOODWYN and HARWOOD, JJ., concur.