218 So.2d 688

**GULF AMERICAN FIRE & CASUALTY COMPANY**

v.

**A. R. GOWAN.**

**3 Div. 377.**

Supreme Court of Alabama.

Jan. 23, 1969.

Rehearing Denied Feb. 20, 1969.

Chas. A. Stakely, Jr., and Jesse M. Williams, III, of Rushton, Stakely, Johnston & Garrett, Montgomery, for appellant.

Jones, Murray, Stewart & Varner, Montgomery, for appellee.

BLOODWORTH, Justice.

This is an appeal by defendant, Gulf American Fire & Casualty Company, a Corporation, from a judgment entered against it in the circuit court of Montgomery County, which found for the plaintiff, A. R. Gowan, in the amount of $5,028.50 based on

"uninsured motorist" coverage in a policy of automobile liability insurance issued by Gulf American to plaintiff.

Plaintiff was riding in an automobile involved in an accident with a motor vehicle driven by Willie Berry in Lowndes County, Alabama. Berry was an "uninsured motorist" as defined by the policy of liability insurance between plaintiff and defendant.

The "uninsured motorist" provision in the insuring agreement pertinent to this case provided as follows:

> "* * * The company will pay all sums which the insured * * * shall be legally entitled to. recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * * sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement determination as to whether the insured * * * is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured * * * and the company or, if they fail to agree, by arbitration.

> *"No judgment against any person * * alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person * * * or of the amount of damages* to which the insured is legally entitled *unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company."* [Emphasis supplied.]

Notice of the accident was given to Gulf American. It admitted its liability and coverage, and the sole matter in dispute was the amount owed plaintiff. The parties could not reach an agreement. They agreed to waive arbitration.[1]

---

1. We pretermit consideration as to whether the arbitration clause is void

since no issue was raised with respect thereto.

Plaintiff then filed suit against the uninsured motorist in the circuit court of Lowndes County, Alabama, for damages and notified defendant, prior to bringing suit, requesting that it defend the suit. Defendant did not do so. Plaintiff secured a default judgment in the Lowndes County court for $5,000 and $28.50 costs.

Plaintiff then filed suit against defendant seeking the damages recovered against the uninsured motorist. The circuit court of Montgomery County rendered judgment against defendant for $5,028.50, with interest and costs, holding the Lowndes County judgment was both admissible and "conclusive" to show the amount of damages that plaintiff was legally entitled to recover.

There are eleven assignments of error on this appeal.

*Defendant's first assignment of error argues that the trial court erred in overruling the motion to strike* portions of the plaintiff's bill of complaint as being irrelevant and prolix.

■ The law is well settled in this jurisdiction that motions to strike out irrelevant portions of pleadings are directed to the sound discretion of the trial court and may be overruled without injury. Clements v. Olive, 274 Ala. 210, 147 So.2d 818; Gaines v. Stevens, 248 Ala. 572, 28 So.2d 789. See, also, Kelley v. Osborn, 269 Ala. 392, 113 So.2d 192. We find no abuse of discretion by the trial court in overruling defendant's motion to strike.

*The remaining assignments of error Nos. 2–11,* inclusive, direct the court to the single issue before it on this appeal as we paraphrase it from appellant's second reply brief, viz:

Will the Court enforce the policy provision between the parties that a judgment against an uninsured is not conclusive against the insurer unless the judgment is entered pursuant to an action prosecuted by the insured with the written consent of the Company?

*Defendant contends* that the judgment against the uninsured motorist is not "conclusive" as to the amount which plaintiff is "legally entitled to recover" from the insurance company, nor is it admissible in such a suit as this. Defendant argues that an insured and insurer may contract and include such limitations and restrictions upon the insurer's liability as each is willing to accept and adopt so long as it is not inconsistent or violative of public policy or contrary to statute. Since the insurer has no duty to defend the uninsured motorist, defendant says it should not be bound by any determination in a negligence action against the uninsured by the insured without its express written permission. Defendant also contends that a judgment recovered in such action is not admissible in the subsequent suit by the insured against the insurer, the insurer being a stranger to the first suit and not in privity with the parties therein.

*Plaintiff, on the other hand, contends* that the judgment in the action against the uninsured motorist is conclusive of the issues therein determined and the insurer is bound thereby. Plaintiff argues the insurer had full knowledge of the pendency of the suit, was requested to defend the uninsured motorist but did not do so. It may not therefore sit idly by, awaiting determination of liability and then insist that it is not bound by the result of that action because it did not give its written consent. Plaintiff says that the insurer should be bound by the result of the litigation between the insured and the uninsured motorist because the insurer was required under the insurance contract to protect the insured from the uninsured motorist, and had notice of the litigation and an opportunity to control it.

■ Uninsured motorist coverage is intended to provide financial recompense to innocent persons who are injured and to dependents of those who are killed because of the wrongful conduct of uninsured motorists. American Universal Insurance Company v. Ranson (1962), 59 Wash.2d 811, 370 P.2d 867.

It came into being as the result of "public concern over the increasingly important problems arising from injuries by motorists who are uninsured and financially irresponsible." Anno. 79 A.L.R.2d 1252; "Problems That May Arise Concerning Uninsured Motorist Coverage In Alabama"—Allen, The Ala. Law., Vol. 27, No. 3, p. 280. As pointed out in 79 A.L.R.2d 1252, the construction of uninsured motorist clauses is still in an early stage of development, and the existing decisions are too few and too fragmentary to permit the controlling rules or principles to be stated.

As expressed by the Court of Appeals of Missouri in Kisling v. MFA Mutual Insurance Co. (Mo.App.1966), 399 S.W.2d 245, viz.:

> "Uninsured motorist coverage is pregnant with potentially perplexing problems, both procedural and substantive * * *. Since the courts must resolve each such problem as and when it is presented for determination on the facts and circumstances of a given case * * * '[W]hat we have said and held is of course applicable only to this case' and 'we express no opinion and intend no holding except as applied to the specific situation before us.' * * *" [Emphasis supplied.]

This observation is particularly apt with respect to the clause which we are called on to interpret in this case.

In 1963 the earlier "consent to sue" clause exclusion was eliminated from the uninsured motorist coverage in the standard form of automobile insurance and was replaced with the clause above quoted which appeared in the suit policy. None of the cases quoted by counsel on either side is exactly in point. Our independent research has disclosed but one case in the United States which appears to be on "all fours." We will allude to these cases presently.

Nearly all the cases cited involve construction of the older *"consent to sue" exclusion.* Some courts have enforced such provision, others have not.

In Andeen v. Country Mutual Ins. Co., 70 Ill.App.2d 357, 217 N.E.2d 814 (1966), where such a "consent to sue" exclusion was involved, and where the insurance company had failed to consent but was given written notice of suit, such provision was held not to prevent the judgments obtained from being binding on the insurer. No provision such as in the suit policy in this case is involved, though the opinion does refer to the fact that some insurers were at that time including such provision in their policies of insurance. There is a vast difference between a policy provision, such as in the *Andeen* case, which specifically provides "this policy does not apply" where consent to sue was not obtained before judgment was entered, and a case such as here where no prohibition against suit is contained but simply the provision that judgment shall not be conclusive unless written consent is first obtained.

In Boughton v. Farmers Ins. Exchange, 354 P.2d 1085, 79 A.L.R.2d 1245 (Okl.1960), relied on by plaintiff, a policy exclusion states the insurance does not apply where judgment is obtained without consent of the insurer. The Oklahoma Supreme Court held such provision to be void and unenforceable. It held the arbitration clause to be void as well. The court there reasoned the suit by the uninsured motorist was not binding upon the insurer in the sense it is a judgment against the insurer, but that the suit against the insurer was not to recover the judgment but for sums which the insurer is "legally entitled to recover as damages." It said the judgment represents such sums and when the insurer had notice of the action, was furnished with the complaint, and was requested to participate and did not, this supplied "privity" between the insurer and the insured.

The court held under Oklahoma law that one who is required by contract to protect another from liability is bound by the result of the litigation, to which the other is a party, if it had notice and an opportunity to control its proceedings. The judgment against the uninsured in that case was held "conclusive" of the issues and not subject to

relitigation in the insured's suit against the insurer.

But, again we note the *Boughton* case involved a policy "exclusion" and in the case at bar no such exclusion is involved.

In Alston v. Amalgamated Mutual Cas. Co., 53 Misc.2d 390, 278 N.Y.S.2d 906 (1967), it was held (with reference to a policy containing a clause precisely like that in the suit policy) that a passenger (additional insured) who filed suit against the insured driver and the uninsured driver had not waived her right to arbitration under the uninsured motorist provision of the insurance policy. The court there stated: "The insurance carrier owes no duty to the uninsured motorist. It is not bound by any determination reached in the negligence action unless it voluntarily decides to appear therein. The only prejudice it might suffer is the loss of whatever subrogation rights which may have been provided for in the contract of insurance."

Other courts have held that there is no duty under the policy requiring the insurer to defend the uninsured motorist. Kisling v. MFA Mutual Insurance Co., supra. Both the Alabama statute, Title 36, § 74(62a), Code of Alabama 1940, as amended, and the policy provision in the instant case, provide that the coverage is "for the protection of persons insured thereunder" and not for the uninsured motorist.

In the only Alabama case which has been decided to date on the uninsured motorist provisions, Mitchell v. Vann (1965), 278 Ala. 1, 174 So.2d 501, it was held that in a suit by the insured against the uninsured motorist, the jury may be qualified as to their connection with the insurer. The court there referred to the question here presented by saying:

"We are not to be understood as deciding, at this time, * * * whether a judgment for plaintiff against defendant, in the instant case, would be conclusive also against Dixie [the insurer]."

The court likewise refused to decide (and properly so since it was not an issue) whether the arbitration clause in such policies is valid or not. See Allen: "Problems That may Arise Concerning Uninsured Motorist Coverage In Alabama," supra.

Our research has disclosed one very recent case which directly construes a clause identical to that contained in the suit policy. On its facts, the case is as close on "all fours" to the case at bar as one is apt to find. It is MFA Mutual Insurance Company v. Bradshaw (Ark. Sept. 9, 1968), 431 S.W.2d 252. There insureds recovered judgment by default against the uninsured motorist although having been advised by the insurer that it did not consent to prosecution of the action. The insurer gave no reason for withholding its consent. Thereafter, insureds sued the insurer seeking to recover the amount of the judgment against the uninsured as here. The insurer defended on grounds that it did not give its written consent pursuant to a policy provision identical to the one in the case at bar, and that res judicata was inapplicable because of a lack of identical parties. The insurer suggested that the insureds would have to determine the liability of the uninsured and the amount of damages in the suit against it. Judgment was for insureds, in the lower court.

The sole question before the Arkansas Supreme Court was whether the judgment against the uninsured was "conclusive" as between the insured and the insurer. It upheld the clause saying the meaning and intent of this provision is clear and unmistakable:

"* * * It is designed to protect the insurer in cases such as this where, even though there was every reason to believe that the questions of liability and damages would be litigated thoroughly, the uninsured motorist defaulted. As a result, the question of liability has not actually been litigated. * * * This question can never be litigated unless this policy provision is held valid, or unless we hold that such a judgment cannot be

conclusive on the insurer. Such a holding would be contrary to the apparent weight of authority. * * *

"An insurer may contract with its insured upon conditions expressed in its policy, limited only by statute and public policy. The insured, by acceptance of a policy, is deemed to have approved it with all conditions and limitations expressed therein which are reasonable and not contrary to public policy. * * *

* * * * * *

"In many of the decisions cited * * * there is a holding that an insurer having notice of or an opportunity to participate in an action against an uninsured motorist is, or may be, bound by the judgment rendered in favor of its insured, but *none of them involve a contract containing a clause stipulating against such a binding effect but not imposing forfeiture of coverage.* We are not aware of any decision in which the insurer's liability on such a judgment is based on the doctrine of res judicata. Most seem to be based on some kind of estoppel. There is no statute prohibiting this clause in a motor vehicle liability insurance policy. * * * [T]here are many policy considerations which indicate that such a provision is reasonable. The insured would be free to pursue his remedy against an insurance company which might be the only real party in interest as a defendant. It is desirable that uninsured motorist coverage be available at the option of the insured at a modest premium. * * * The insurer would not be required to pay damages in cases in which, because of default, the questions of liability and damages were *never really litigated.* * *

* * * * * *

"The clause in question does not prohibit an insured from prosecuting an action against the uninsured motorist, so it cannot be said that it hampers an insured in seeking to recover damages in excess of his policy limits from a solvent uninsured motorist. .

"* * * While there well may be an implied promise on the part of the insurer that its consent not be withheld arbitrarily (see Levy v. American Automobile Ins. Co., 31 Ill.App.2d 157, 175 N.E.2d 607), the burden was on appellees to show that this was done. * * * Under the circumstances of the case at bar, we cannot say that there is any such showing."

We believe the decision of the Supreme Court of Arkansas is well reasoned and based on sound judgment and authority.

We can think of several reasons why such a provision should be held valid.

*First,* it does not appear to be contrary to public policy.

*Second,* it does not appear to be contrary to, or in derogation of, the statutes of Alabama dealing with provisions in insurance policies as to uninsured motorists.

*Third,* it appears to be clear and unambiguous.

*Fourth,* the "conflict of interest" position of the insurer is avoided when it is forced to defend the uninsured whom it neither selected nor approved; or, who may have already obtained counsel, and may not choose to have the insurer represent him. Or, the uninsured may file pleas of set off or recoupment against the insured and the insurer is forced into the duplicitous position of defending the uninsured in suit by the insured, and defending the insured in the counter suit by the uninsured. Such a state of affairs, while it may not be against public policy, is certainly most undesirable.

*Fifth,* such a clause also minimizes the likelihood·of collusion between an insured and the uninsured motorist.

■ Thus, we conclude that the insuring paragraph providing that no judgment in an action prosecuted by the insured against an uninsured motorist without the written consent of the insured shall be conclusive is valid and binding between the insured and the insurer.

■ We add that an insurer may not withhold its consent arbitrarily as there is an implied promise on its part that consent will not be withheld arbitrarily. MFA Mutual Ins. Co. v. Bradshaw, supra; Levy v. American Automobile Ins. Co., supra. But, the burden is on the insured to show that consent was withheld arbitrarily. See: Portillo v. Farmers Ins. Exchange, 238 Cal. App.2d 58, 47 Cal.Rptr. 450 (1966). In the case at bar, there has been no such proof offered.

In a very thorough article, "Perspective on Uninsured Motorist Coverage," by Professor Alan I. Widiss, in Northwestern University Law Review, Vol. 62, No. 4, at page 553, the writer agrees that such a conclusion as we have here reached is logical, viz:

"* * * Thus, if the company consents to the action, it will be bound by a determination that the insured is entitled to recover and by the amount of such a recovery * * *. On the other hand, if the company withholds consent * * * it may assert that the insurance agreement provides that determination between the insured and the uninsured tortfeasor is not determinative of the issues as between the insurance company and the insured. This result seems reasonable, for their may be an insufficient guarantee that the insurance company's interests will be adequately represented in such an action. * * *"

Although we hold this provision to be valid, our decision cannot stop here. We must determine the meaning of the word "conclusive" in the clause that "no judgment against any person or organization * * * shall be conclusive." And, we must decide whether the judgment in an action between the insured and the uninsured is "admissible" in a subsequent suit against the insurer.

The word "conclusive" is said to mean, "forming an end or termination," as being "decisive; final," as "irrefutable and admits of no explanation or contradiction," as "shutting out all further evidence," in Vol. 8 Words and Phrases, pp. 575–577, 579.

■ We believe the plain meaning of the clause to be that such judgment is "admissible" on the issue of whether the uninsured motorist alleged to be legally responsible is in fact liable for damages in a suit by insured against insurer. Such judgment is not final on such issue and may be refuted or contradicted by the insurer's proof that such uninsured motorist was not liable, or that the insured himself was guilty of contributory negligence, or that the insured did not suffer the damages claimed. Otherwise, there would be no need for using the word "conclusive" in this clause. If it were the intent of the insurer and the insured to provide that such a judgment would not be admissible at all, the clause would surely have so stated.

Thus, in this case the insurer was free to offer other evidence as to the liability and damages. However, the written stipulation of the parties contains no record of any such proof or offer of proof by the insurer. The only proof before the trial court was the judgment against the uninsured (which we hold was not "conclusive" but "admissible"), and in the absence of any proof to the contrary was sufficient to sustain the trial court's judgment. Although we hold the trial court was in error in stating that such judgment is "conclusive," since it reached the correct result, its judgment is due to be affirmed.

■■ Had the insurer made an offer of proof, and had the trial court ruled that such was inadmissible, the result might be different. We have held that, "It is for him who offers testimony to lay necessary predicates and otherwise offer testimony in admissible form." Burns v. Leath, 236 Ala. 615, 184 So. 176. Therefore, the burden of proof was upon the defendant, the insurer, to offer such proof.

We are, therefore, of the opinion that the trial court erred in its final judgment of May 21, 1968, finding that as a matter of law the judgment entered in the circuit

488

court of Lowndes County, Alabama, in the case of A. R. Gowan v. Willie Berry, in the amount of $5,028.50 was "conclusive" as to the amount of damages and the legal liability between A. R. Gowan and Gulf American Fire & Casualty Company. But, we find that the trial court reached the correct result under the facts of the case and its judgment is to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, J., concur.

COLEMAN, J., concurs in the result.

COLEMAN, Justice (concurring in result).

I concur in affirming the judgment appealed from. I do not agree that the judgment against the uninsured motorist is not conclusive against the insurer, and I do not agree that the insured can be compelled again to litigate the issue of the liability of the uninsured motorist.