**Albert C. PHILLIPS, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, a corporation, et al.,\* Defendants.**

**ALLSTATE INSURANCE COMPANY, a corporation, Third-Party Plaintiff,**

v.

**Irene Johnson SANDERS, Third-Party Defendant.**

**No. 75–408–N.**

United States District Court, M. D. Alabama, N. D.

April 2, 1976.

\* The "et al." defendants are fictitious defendants.

James D. Harris, Jr., Harris & Harris, Montgomery, Ala., for plaintiff.

Harry Cole, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, Ala., for defendant Allstate Ins. Co.

No appearance for third-party defendant Sanders.

VARNER, District Judge.

## ORDER

This cause is now before the Court on Defendant Allstate's motion filed herein March 12, 1976, to amend pretrial order; on Plaintiff's motion for protective order filed herein March 31, 1976; and on Plaintiff's motion filed herein April 1, 1976, to certify questions to the Supreme Court of Alabama. Plaintiff filed suit against his "uninsured motorist" insurance carrier after having obtained a judgment against the uninsured motorist after having requested, and having been denied, the consent of the insurer to sue. The primary question now before this Court is the admissibility in evidence and the conclusiveness of the judgment against the uninsured motorist.

In said motion to amend pretrial order, Defendant Allstate seeks to have the following paragraph added to the pretrial order:

"C. (4) Defendant further says that on the occasion of the accident made the basis of this suit plaintiff was guilty of contributory negligence which bars his recovery."

The Plaintiff opposes the motion to amend and contends that the default judgment entered against the uninsured motorist in State Court is conclusive on questions of liability and damages and that therefore, the Defendant here cannot relitigate these questions determined in the suit between the Plaintiff and the uninsured motorist. By the motion for protective order, Plaintiff seeks to stay discovery relating to the question of contributory negligence. As a result of alleged uncertainty in recorded Alabama cases in regard to conclusiveness of a judgment against the uninsured motorist under the circumstances of this case, the Plaintiff has moved this Court to certify that question of law to the Supreme Court of Alabama.[1]

The policy under which Plaintiff has brought his action in this Court contains a "consent to sue" exclusion which reads as follows:

"No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive as between the insured and the Company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the *written consent of the Company.*" (emphasis added)

The purpose of this type of clause was pointed out by the Alabama Supreme Court in the case of *Gulf American Fire & Cas. Co. v. Gowan*, 283 Ala. 480, 218 So.2d 688, 693 (1969):

"It is designed to protect the insurer in cases such as this where, even though there was every reason to believe that the questions of liability and

---

1. This Court is bound by State law in this matter.

damages would be litigated thoroughly, the uninsured motorist defaulted." The Court in *Gowan* found that, absent insurer's written consent to the suit, the judgment against the uninsured motorist was admissible in evidence in the suit against the insurance company, but not conclusive of facts determined therein. That Court pointed out, however, that the insured's consent might not be arbitrarily withheld.[2] In *Gowan*, there was no showing that the insurer's consent was sought, while in the instant case a request for consent to sue was refused.

While the Supreme Court in the case of *Phoenix Ins. Co. v. Stuart*, 289 Ala. 657, 270 So.2d 792 (1972)[3], pointed out that it would not consider *Gowan* an appropriate precedent where written consent is not given (see 270 So.2d at 798) because the majority of the Court did not join in the reasoning, the majority of that Court in *Sheehan v. Liberty Mutual Fire Ins. Co.*, 288 Ala. 137, 258 So.2d 719, 723 (1972), did cite *Gowan* with approval for authority for the fact that the consent of the insurance company may not be withheld arbitrarily (see 258 So.2d 723). While that language is no more than dicta in both cases, it would appear that, if the consent were withheld arbitrarily, the Supreme Court of Alabama would rule that the judgment would be conclusive as to the liability and damages that the plaintiff could recover under the policy but that, otherwise, where consent to sue is withheld, that Court would hold the earlier judgment admissible but inconclusive.

Since there has been no allegation here that consent to sue was arbitrarily withheld by the insurer, Defendant Allstate, the judgment against the uninsured motorist must be presumed not to be conclusive. It follows that contributory negligence is a proper defense in this cause and the parties may so plead and develop evidence. Accordingly, it is

ORDERED by this Court that said motion to amend pretrial order be, and the same is hereby, granted. It is further

ORDERED that said motion for protective order be, and the same is hereby, denied. It is further

ORDERED that Plaintiff's motion to certify questions to the Alabama Supreme Court be, and the same is hereby, denied. It is further

ORDERED that all fictitious parties be, and the same are hereby, stricken from this cause of action.

On March 29, 1976, Plaintiff filed a motion for partial summary judgment seeking a summary judgment on the first cause of action of the complaint, as amended. Based upon the foregoing, it is the opinion of this Court that such a summary judgment should not be granted. Accordingly, it is

ORDERED that Plaintiff's motion for partial summary judgment filed herein March 29, 1976, be, and the same is hereby, denied.

---

2. The Court in *Gowan*, supra, stated the following: "An insurer may not withhold its consent arbitrarily as there is an implied promise on its part that consent will not be withheld arbitrarily. (citations omitted) But, the burden is on the insured to show that consent was withheld arbitrarily." At 218 So.2d 694. The pleadings in the instant case are silent as to whether or not consent was arbitrarily withheld, so it must be assumed that this may be an issue in this case.

3. In this case, the Court clearly announced the law of Alabama that, where consent to the suit is given by the insured, a judgment against the uninsured motorist is conclusive in the suit against the insurer.