This appeal involves a setoff from a jury verdict in an underinsured motorist case.
The following facts are undisputed: On May 19, 1996, Guess and her two minor children (hereinafter collectively referred to as Guess) were involved in an automobile accident with an underinsured motorist, Eric C. Arender. At the time of the accident, Guess had $60,000 of uninsured/underinsured motorist coverage with Allstate.
Guess sued Arender, seeking damages for Arender's alleged negligence and wantonness. Guess also sued Allstate, seeking to recover underinsured motorist benefits under her policy. Specifically, Guess alleged that, although Arender had liability insurance, the amount of coverage was inadequate to compensate Guess for her injuries.
Prior to trial, Guess settled her claims against Arender for $25,000, which represented *Page 390 
his policy limits. On September 10, 1997, the case was tried before a jury. After all the evidence was presented, the trial court informed the jury that Guess had underinsured motorist coverage with Allstate and that Guess had settled her claims against Arender prior to trial. However, the jury was not privy to any amounts.
The jury assessed Guess's damages at $57,500 and entered a general verdict in favor of Guess and against Allstate for that amount. Thereafter, Allstate filed a motion, requesting that the trial court offset the amount that Guess had recovered under Arender's liability policy ($25,000) against the amount due under the Allstate policy ($57,500). The trial court granted the setoff.
Guess appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
On appeal Guess contends that the trial court erred in granting the setoff because, she says, § 32-7-23, Ala. Code 1975, does not provide for setoffs. Guess further contends that there is no Alabama caselaw providing for setoffs.
At the outset, we deem it necessary to provide a brief history of § 32-7-23. Section 32-7-23, often referred to as the uninsured motorist coverage statute, was originally enacted to "provide financial recompense to innocent persons who are injured . . . because of the wrongful conduct of uninsured motorists." Gulf American Fire Cas. Co. v. Gowan, 283 Ala. 480,483, 218 So.2d 688, 691 (1969).
In 1984 our legislature amended the term "uninsured motor vehicle" to include "underinsured" motor vehicle. See §32-7-23(b)(4). Underinsured motorist coverage applies "where the negligent or wanton tortfeasor has some liability insurance but does not have enough to fully compensate the victims of his negligence or wantonness." Hardy v. Progressive Ins. Co.,531 So.2d 885, 887 (Ala. 1988).
Section § 32-7-23 mandates that uninsured/underinsured motorist coverage be included in every automobile policy issued in Alabama, unless such coverage is rejected by the insured.Hardy, supra. In other words, "if the statutory conditions are present, the courts will infer the existence of minimum uninsured [and, therefore, underinsured] motorist coveragenotwithstanding the absence of a provision for such coverage inthe insurance policy itself." Insurance Co. of North America v.Thomas, 337 So.2d 365, 368 (Ala.Civ.App. 1976) (emphasis added).
Accordingly, an insurer may not include any provision in its policy that would be contrary to § 32-7-23. State Farm Mut.Auto. Ins. Co. v. Scott, 707 So.2d 238 (Ala.Civ.App. 1997).
As contended by Guess, § 32-7-23 does not provide for setoffs. By the same reasoning, however, § 32-7-23 does not preclude setoffs. For this reason, we resort to the pertinent section of the Allstate policy to explore the language contained therein.
Before resorting to the policy, however, we deem it necessary to note the following: Allstate filed a motion with the trial court to supplement the record on appeal, in order to include the policy. The trial court granted the motion. Thus, the policy is before this court. On appeal, Guess does not object to our having the policy before this court. Hence, we pretermit any discussion as to whether the trial court properly granted the motion, since no issue is raised with respect thereto.
It is well settled that "insurance contracts are subject to the same general rules applicable to other written contracts."American Foreign Ins. Co. v. Tee Jays Mfg. Co.,699 So.2d 1226, 1228 (Ala. 1997). "If the policy is clear and unambiguous in its terms, then there is no question of interpretation or construction." Id. at 1228.
The uninsured motorist coverage section of the Allstate policy contains the following language:
 "Damages payable will be reduced by all amounts paid by the owner or operator of the uninsured [and, therefore, underinsured] auto or anyone else responsible. This includes all sums paid under bodily injury liability coverage of this or any other policy." *Page 391 
The above language is clear and unambiguous and can be literally interpreted to mean that Guess's damages ($57,500) will be reduced by all sums paid under Arender's liability policy ($25,000). We do not find the language to be contrary to § 32-7-23, nor do we find the language to be contrary to public policy.
In fact, there are several cases in Alabama involving uninsured/underinsured motorist coverage. We recognize that while the trial courts in these cases have not directly addressed the issue of setoffs, it is, nevertheless, apparent that they have recognized the right for setoffs. See Scott,supra.
In Scott, the insured was involved in an automobile accident with a negligent tortfeasor. At the time of the accident, the insured had underinsured motorist coverage with State Farm. Prior to trial, the insured settled her claims against the tortfeasor and his insurance company for $77,500, which was $20,000 less than the amount of coverage potentially available under the tortfeasor's policy. In essence, the insured could have potentially recovered $97,500.
At trial, State Farm sought to introduce to the jury certain conditional language contained in the insured's policy, as well as the amount of the settlement. The trial court refused to allow this information. The trial court did, however, instruct the jury that it must subtract $97,500 from its assessed damages (the amount of coverage that was potentially available to the insured under the tortfeasor's policy).
In following the trial court's instructions, the jury assessed the insured's damages at $159,500 and returned a general verdict in her favor for $62,000. The trial court ultimately reduced the verdict to $50,000, "based upon the parties' stipulation that that amount represented the aggregate [underinsured motorist] coverage limits of the two State Farm policies." Scott, 707 So.2d at 240.
In essence, the trial court, in requiring the jury to subtract $97,500, recognized that "§ 32-7-23 does not mandate that an insurer . . . pay any portion of its insured's damages that fall within the available limits of another liability policy." Scott, 707 So.2d at 242 (emphasis in original).
In the instant case, while the facts are different, the effect is the same. As noted previously, the jury was privy to the fact that Guess had underinsured motorist coverage with Allstate and that Guess had settled her claims against Arender. The jury, however, was not privy to any amounts.
The trial court, in instructing the jury on damages, did not order the jury to subtract $25,000 (the amount that Guess had recovered from Arender's liability policy) from its assessed damages. The jury assessed Guess's damages at $57,500 and returned a general verdict in favor of Guess and against Allstate for that amount. Thereafter, the trial court granted a $25,000 setoff. In essence, the trial court, rather than the jury, performed the arithmetic.
Based on the foregoing, we find that the trial court did not err in granting the setoff.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.